UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED 2008 APR -7 PM 3:12
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | § § § | CIVIL ACTION |
| PLAINTIFF | § § | NO. JUDGE PHILIP MARTINEZ |
| V. | § § | |
| BORDER STATES TRAFFIC SUPPLY, INC., ESTHER ABRAHAM, JORGE CARDONA, ROBERT DURKIN, AND STEVEN GEORGE | § § § § § | EP08CA0118 |
| DEFENDANTS. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, plaintiff, Hartford Casualty Insurance Company, and files this its original complaint against defendants, Border States Traffic Supply, Inc., Esther Abraham, Jorge Cardona, Robert Durkin, and Steven George, and would respectfully show unto this Honorable Court as follows:

### PARTIES

1. Plaintiff, Hartford Casualty Insurance Company ("Hartford"), is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Hartford, Connecticut.

2. Defendant, Border States Traffic Supply, Inc. ("Border States"), is a Texas corporation. Border States may be served with process through its registered agent, Steven George, 946 Hawkins, El Paso, Texas 79915. Plaintiff requests preparation of a summons for service of process on Border States.

3. Defendant, Esther Abraham ("Abraham"), is a resident of California, and may be served with process at 2951 South Court, Palo Alto, California 94306. Plaintiff requests preparation of a summons for service of process on Abraham.

4. Defendant, Jorge Cardona ("Cardona"), is a resident of Texas, and may be served with process at 310 Borrego, San Elizario, Texas 79849. Plaintiff requests preparation of a summons for service of process on Cardona.

5. Defendant, Robert Durkin ("Durkin"), is a resident of Texas, and may be served with process at 4120 Rio Bravo, Suite 301, El Paso, Texas 79902. Plaintiff requests preparation of a summons for service of process on Durkin.

6. Defendant, Steven George ("George"), is a resident of Texas, and may be served with process at 608 East 3rd Street, Prosper, Texas 75078-7959. Plaintiff requests preparation of a summons for service of process on George.

**VENUE AND JURISDICTION**

7. There is diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000). As such, jurisdiction in this judicial district exists pursuant to 28 U.S.C. § 1332.

8. El Paso County, Texas is the county in which a substantial part of the events or omissions giving rise to the claim occurred. Accordingly, venue in this judicial district and division is proper pursuant to 28 U.S.C. § 1391.

**FACTS GIVING RISE TO CLAIM**

9. Hartford incorporates the preceding paragraphs in this complaint by reference.

10. Hartford issued a commercial auto insurance policy to Border States, policy no.

65 UES TU8145, with effective dates from 04/10/05 to 04/10/06 ("the Hartford policy"). A true and correct copy of the Hartford policy is attached hereto as Exhibit A. The Hartford policy provides automobile liability coverage to Border States subject to the terms, conditions, definitions, and exclusions in the policy.

11. On or about August 7, 2006, a lawsuit was filed against Border States and Cardona as a result of a September 30, 2005 incident in which Daniel Cordova sustained injuries. Specifically, Daniel Cordova and Jacob Cordova, as next friend of Daniel Cordova, have filed suit against Border States and Cardona in the 346th Judicial District Court, El Paso County, Texas, cause no. 2006-3221, styled <u>Daniel Cordova and Jacob Cordova, as next friend of Daniel Cordova v. Jorge Cardona, individually and Border States Traffic Supply, Inc.</u> ("the <u>Cordova</u> lawsuit").

12. Border States and Cardona tendered the <u>Cordova</u> lawsuit to Hartford for a defense and indemnity under the Hartford policy. In response, Hartford has provided Border States and Cardona with a defense in the <u>Cordova</u> lawsuit subject to a full and complete reservation of rights that Hartford has under the Hartford policy and applicable law.

13. The plaintiffs in the <u>Cordova</u> lawsuit have subsequently amended their petition on three separate occasions, including the filing of plaintiffs' third amended petition on or about September 18, 2007. In their third amended petition, the plaintiffs in the <u>Cordova</u> lawsuit added Abraham, Durkin, and George as individual defendants.

14. As it did with the claims asserted against Border States and Cardona, Hartford has offered to provide Abraham, Durkin, and George with a defense in the <u>Cordova</u> lawsuit subject to a full and complete reservation of rights that Hartford has under the

Hartford policy and applicable law.

15.    The insuring agreement of the Hartford policy provides that Hartford "will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'"  The language of the insuring agreement of the Hartford policy further provides that Hartford will "have the right and duty to defend any 'suit' asking for these damages.  However, [Hartford will] have no duty to defend 'suits' for 'bodily injury' or 'property damage' not covered by this Coverage Form."

16.    Following the grant of coverage set forth in the insuring agreement of the Hartford policy, the Hartford policy provides a list of a number of situations in which coverage is excluded under the policy.  Specifically, as relates to the claims that have been alleged in the Cordova lawsuit, the Hartford policy provides as follows:

> **B.  EXCLUSIONS**
>
> This insurance does not apply to any of the following:
>
> \*\*\*
>
> **3.  WORKERS COMPENSATION**
>
> Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers compensation, disability benefits or unemployment compensation law or any similar law.
>
> **4.  EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY**
>
> "Bodily injury" to:
>
> a.  An employee of the "insured" arising out of and in the course of employment by the "insured;" or

4

b. The spouse, child, parent, brother or sister of that employee as a consequence of paragraph a. above.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic employees not entitled to workers compensation benefits or to liability assumed by the "insured" under an "insured contract."

**5. FELLOW EMPLOYEE**

"Bodily injury" to any fellow employee of the "insured" arising out of and in the course of the fellow employee's employment.

17. Pursuant to the COMMERCIAL AUTOMOBILE BROAD FORM ENDORSEMENT – TEXAS, the FELLOW EMPLOYEE exclusion to coverage has been amended as follows:

**4. AMENDED FELLOW EMPLOYEE EXCLUSION**

EXCLUSION 5 – FELLOW EMPLOYEE – of SECTION II – LIABILITY COVERAGE does not apply if (1) you have workers' compensation insurance in-force covering all of your employees; and (2) the "bodily injury" results from the use of a covered "auto" you own or hire. Coverage is excess over any other collectible insurance.

18. Further, provision **A. 1.** of **SECTION II – WHO IS AN INSURED** of the Hartford policy provides as follows with respect to the extent to which Border States, Abraham, Cardona, Durkin, George, or any combination thereof, qualifies as an insured under the Hartford policy for the claims that have been asserted in the Cordova lawsuit:

The following are "insureds:"

a. You for any covered "auto."

    b.  Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

        (1)  The owner of a covered "auto" you hire or borrow from one of your employees or a member of his or her household.

        (2)  Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

        (3)  Anyone other than your employees, partners, a lessee or borrower of any of their employees, while moving property to or from a covered "auto."

        (4)  A partner of yours for a covered "auto" owned by him or her or a member of his or her household.

    c.  Anyone liable for the conduct of an "insured" described above but only to the extent of that liability. However, the owner or anyone else from whom you hire or borrow a covered "auto" is an "insured" only if that "auto" is a "trailer" connected to a covered "auto" you own.

    d.  Any employee of yours while using a covered "auto" you don't own, hire or borrow in your business or your personal affairs. [By COMMERCIAL AUTOMOBILE BROAD FORM ENDORSEMENT – TEXAS]

Pursuant to the terms of the Hartford policy, the words "you" and "your" refer to the Named Insured shown in the Declarations of the Hartford policy—i.e., Border States Traffic Supply, Inc.

19. Because there exists a bona fide coverage dispute between Hartford, Border States, Abraham, Cardona, Durkin, and George with respect to insurance coverage under the Hartford policy for the <u>Cordova</u> lawsuit, there is a dispute that is ripe for determination pursuant to the Declaratory Judgment Act.

### REQUEST FOR DECLARATORY JUDGMENT

20. Hartford incorporates the preceding paragraphs in this original compliant by

reference.

21. Pursuant to the Federal Declaratory Judgment Act and the Texas Declaratory Judgment Act, Hartford seeks a declaration that there is no insurance coverage available under the Hartford policy for the <u>Cordova</u> lawsuit by virtue of the WORKERS COMPENSATION exclusion in the Hartford policy.

22. Pursuant to the Federal Declaratory Judgment Act and the Texas Declaratory Judgment Act, Hartford seeks a declaration that there is no insurance coverage available under the Hartford policy for the <u>Cordova</u> lawsuit by virtue of the EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY exclusion in the Hartford policy.

23. Pursuant to the Federal Declaratory Judgment Act and the Texas Declaratory Judgment Act, Hartford seeks a declaration that there is no insurance coverage available under the Hartford policy for the <u>Cordova</u> lawsuit by virtue of the FELLOW EMPLOYEE exclusion in the Hartford policy. In the alternative only, pursuant to the Federal Declaratory Judgment Act and the Texas Declaratory Judgment Act, Hartford seeks a declaration that the insurance coverage, if any, available under the Hartford policy for the <u>Cordova</u> lawsuit is excess over any other collectible insurance available to Border States, Abraham, Cardona, Durkin, George, or any combination thereof, by virtue of the AMENDED FELLOW EMPLOYEE EXCLUSION in the Hartford policy.

24. Pursuant to the Federal Declaratory Judgment Act and the Texas Declaratory Judgment Act, Hartford seeks a declaration that it has no duty to defend or indemnify Border States, Abraham, Cardona, Durkin, or George with respect to the <u>Cordova</u> lawsuit. Further, Hartford seeks a declaration that it is entitled to recover all amounts paid by Hartford on behalf of Border States, Abraham, Cardona, Durkin, and George in

defense of the <u>Cordova</u> lawsuit because there is no insurance coverage available under the Hartford policy for the <u>Cordova</u> lawsuit, and Hartford seeks an award of those amounts from Border States, Abraham, Cardona, Durkin, and George in this lawsuit.

25. Pursuant to the Federal Declaratory Judgment Act and the Texas Declaratory Judgment Act, Hartford seeks an award of its costs and reasonable and necessary attorneys' fees as are equitable and just in pursuit of its request for declaratory judgment against Border States, Abraham, Cardona, Durkin, and George

WHEREFORE, PREMISES CONSIDERED, plaintiff, Hartford Casualty Insurance Company, prays for declaratory judgment in favor of Hartford Casualty Insurance Company and against defendants, Border States Traffic Supply, Inc., Esther Abraham, Jorge Cardona, Robert Durkin, and Steven George for all declaratory relief requested herein, an award of all damages requested herein, and an award of its costs and reasonable attorneys' fees, and for such other and further relief to which Hartford Casualty Insurance Company may show itself justly entitled to receive.

Respectfully submitted,

ORGAIN, BELL & TUCKER, L.L.P.
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

Greg C. Wilkins
State Bar No. 00797669

ATTORNEYS FOR PLAINTIFF,
HARTFORD CASUALTY INSURANCE COMPANY