UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2008 JUL 11 PM 2:34
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ___ DEPUTY

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY<br>Plaintiff, | § | CIVIL ACTION |
| V. | § | NO. 3:08-cv-00118-PRM |
| BORDER STATES TRAFFIC SUPPLY INC., ESTHER ABRAHAM, JORGE CARDONA, ROBERT DURKIN, AND STEVE GEORGE<br>Defendants. | § | |

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Daniel Cordova and Jacob Cordova, hereinafter called Intervenors, and file this Memorandum In Support of Motion to Intervene, and in support hereof, would respectfully show the Court as follows:

## I. INTRODUCTION

Intervenors are individuals who reside in El Paso, Texas. Plaintiff, Hartford Casualty Insurance Company is a corporation organized and existing under the laws of the state of Indiana. Defendants are, Jorge Cardona, who is an individual residing in El Paso, Texas, Border States Traffic Supply, Inc., which is a Texas Corporation, Esther Abraham, who is a resident of California, Robert Durkin, who is a resident of Texas, and Steven George, who is a resident of Texas. In the present case, Plaintiff has brought a declaratory judgment action against the defendants seeking a determination that there is no insurance coverage for the causes of action asserted by the Intervenors against the Defendants in a case filed on or about August 7, 2006 in the 346th Judicial District Court, El Paso County, Texas ("Cordova Lawsuit").

## II. THE ORIGINAL LAWSUIT

On or about August 7, 2006, Intervenors filed an original petition in the 346th Judicial District Court of El Paso County, Texas, Cause No. 2006-3221, naming George Cardona and Border States as Defendants ( "Cordova Lawsuit"). The Cordova Lawsuit, originated out of an incident which occurred on September 30, 2005, in which Intervenor, Daniel Cordova, was severely injured in a work related accident.

The Defendants tendered the Cordova Lawsuit to Hartford for a defense and indemnity under the Hartford policy. Hartford has provided the Defendant with a defense in the Cordova Lawsuit, but the defense was subject to a reservation of rights under the Hartford policy.

## III. ARGUMENT & AUTHORITIES

Intervenors have the right to intervene in this lawsuit under Rule 24(a)(2) for the following reasons. Intervenors have a substantial legal interest in the subject matter of this lawsuit. *See Davis v. Butts*, 290 F.3d 1297, 1300 (11th Cir. 2002); *In re Troutman Enters., Inc.*, 286 F.3d 359, 363 (6th Cir. 2002); *John Doe #1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001). The lawsuit filed by the Intervenors against the Defendants in the 346th Judicial District Court, El Paso, Texas implicates the insurance policy at issue in this declaratory judgment action. That is to say, if the Plaintiff in this case is unsuccessful in obtaining the declaratory relief sought, the insurance policy at issue will provide coverage for any recovery obtained by the Intervernors in the Cordova Lawsuit.

More importantly, however, certain matters raised in this declaratory judgment action have already been adjudicated in the Cordova Lawsuit in favor of coverage. In this declaratory judgment action, the Plaintiff asserts that there is no coverage because, *inter alia*, there is workers compensation coverage. *See* Plaintiff's Original Complaint at 4-5. In fact, it appears that the argument for workers compensation coverage is the basis for two arguments made by the Plaintiff

against coverage (the workers compensation exclusion and the fellow-employee exclusion which, based on an endorsement, appears to only apply if there is workers compensation coverage). *See* Plaintiff's Original Complaint at 4-5.

In the Cordova Lawsuit, the Intervenors and the Defendants filed cross motions for summary judgment on Defendants' affirmative defense based on workers compensation coverage. In the summary judgment briefing and proceedings, the Defendants were wholly unable to produce a workers compensation policy to cover the incident at issue. In the summary judgment proceeding, the Intervenors proved as a matter of law that there was no workers compensation coverage. As a result, the 346th Judicial District Court granted summary judgment against the Defendants on their affirmative defense of workers compensation. *See* Order on Plaintiffs' Motion for Partial Summary Judgment attached as **Exhibit 1**; Order on Defendants' Motion for Summary Judgment attached as **Exhibit 2**; Order on Plaintiffs' Objections to Defendants' Summary Judgment Evidence attached as **Exhibit 3.** Yet, in this declaratory judgment action, the Plaintiff argues that the existence of workers compensation coverage bars insurance coverage. Because this issue has already been adjudicated as a matter of law, it appears that the Plaintiff's argument in this case is wholly without merit.

There is a substantial risk that Intervenors' ability to protect their interests with regard to this insurance coverage will be impaired without intervention. *See Davis*, 200 F.3d at 1300; *Troutman Enters.*, 286 F.3d at 363; *John Doe*, 256 F.3d at 375. Throughout the prosecution of the Cordova Lawsuit, Defendants counsel has informed Intervernors counsel on more than one occasions that the Intervenors would not be able to recover in the Cordova Lawsuit because: (1) there is no coverage, or (2) the Defendants would file for bankruptcy. With this threat of bankruptcy looming, if the Intevenors are unable to establish coverage under the insurance policy, the Intervenors will likely never be able recover on their claims against the Defendants. Therefore, Intervenors have a real

motivation to vigorously prosecute the claims related to insurance coverage as they will be the only beneficiaries of any payment under the policy. The Parties in the present case do not have the same motivation to adequately represent the Intervenor's interest in this matter. *Trbovich v. United Mine Workers*, 404 U.W. 528, 538, n.10, (1972).

Intervernors' motion is timely. *See NAACP v. New York*, 413 U.S. 345, 365-66 (1973). Undersigned counsel for Intervenor learned of this suit and the underlying claims on or about May 21, 2008. Moreover, this suit has only progressed as far as the filing of the lawsuit with service of summons on the Defendants.

In the alternative, the Court should grant this motion pursuant to Rule 24(b)(1)(B) because, as described above, the Cordova Lawsuit and this lawsuit share common questions of law and fact concerning insurance coverage for the injuries alleged in the Cordova Lawsuit.

The Answer in Intervention is attached hereto as **Exhibit 4** with this motion.

## IV. CONCLUSION

For the forgoing reasons, Intervenors ask the Court to grant their motion to intervene as a party-defendant.

Respectfully Submitted,

**T.O. GILSTRAP, JR., P.C.**
5915 Silver Springs, Bldg. 2
El Paso, TX 79912
(915) 581-0020
(915) 581-7934 (fax)

By: ______________________
S. Clark Harmonson
State Bar No. 24041055
T.O. Gilstrap, Jr.
State Bar No. 07964500

and

**DURHAM & PITTARD, LLP**
Kirk L. Pittard
State Bar No. 24010313
F. Leighton Durham
State Bar No. 24012569
P.O. Box 224626
Dallas, Texas 75222
(214) 946-8000
(214) 946-8433 (fax)

**COUNSEL FOR INTERVENORS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2008, a true and correct copy of the foregoing *Memorandum in Support of Motion to Intervene* was served by certified mail to all counsel of record, as follows:

Greg C. Wilkins
Orgain Bell & Tucker LLP
P.O. Box 1751
Beaumont, TX 77704-1751
**ATTORNEY FOR PLAINTIFF**

James A. Mounts, III
Kemp Smith, LLP
221 N. Kansas, Suite 1700
El Paso, Texas 79901
**ATTORNEY FOR PLAINTIFF**

Corey W. Haugland
James & Haugland, P.C.
Chase Tower
201 E. Main Drive, Suite 800
El Paso, Texas 79901
**ATTORNEY FOR ROBERT DURKIN**

S. CLARK HARMONSON

# EXHIBIT 1

CAUSE NO. 2006-3221

| | | |
|---|---|---|
| **JACOB CORDOVA, Individually and as next friend of DANIEL CORDOVA** | § | **IN THE DISTRICT COURT** |
| ***Plaintiffs*** | § | |
| v. | § | **OF EL PASO COUNTY, TEXAS** |
| **JORGE CORDONA and BORDER STATES TRAFFIC SUPPLY, INC.** | § | |
| ***Defendants*** | § | **346TH JUDICIAL DISTRICT** |

**ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

After considering the Plaintiffs' Motion for Partial Summary Judgment on Defendants' Affirmative Defense of The Workers' Compensation Bar, the pleadings, the response, and the competent summary judgment evidence on file, the Court:

GRANTS, the Plaintiffs' Motion for Partial Summary Judgment.

SIGNED on June 4, 2007.

[signature]
PRESIDING JUDGE

# EXHIBIT 2

**CAUSE NO. 2006-3221**

| | | |
|---|---|---|
| **JACOB CORDOVA, Individually and as next friend of DANIEL CORDOVA** | § | **IN THE DISTRICT COURT** |
| ***Plaintiffs*** | § | |
| **v.** | § | **OF EL PASO COUNTY, TEXAS** |
| **JORGE CORDONA and BORDER STATES TRAFFIC SUPPLY, INC.** | § | |
| ***Defendants*** | § | **346TH JUDICIAL DISTRICT** |

**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

After considering the Defendants', Border States Traffic Supply, Inc.'s and Jorge Cardona's, Motion for Summary Judgment, the pleadings, the response, and the competent summary judgment evidence on file, the Court:

DENIES, the Defendants' Motion for Summary Judgment.

SIGNED on June 4, 2007.

[signature]
PRESIDING JUDGE

# EXHIBIT 3

**CAUSE NO. 2006-3221**

| | | |
|---|---|---|
| **JACOB CORDOVA, Individually and as next friend of DANIEL CORDOVA** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs* | § | |
| **v.** | § | **OF EL PASO COUNTY, TEXAS** |
| **JORGE CORDONA and BORDER STATES TRAFFIC SUPPLY, INC.** | § | |
| *Defendants* | § | **346TH JUDICIAL DISTRICT** |

**ORDER ON PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SUMMARY JUDGMENT EVIDENCE**

After considering the Defendants', Border States Traffic Supply, Inc.'s and Jorge Cardona's, Motion for Summary Judgment, the pleadings, the response, and the competent summary judgment evidence on file, the Court:

SUSTAINS, the Plaintiff's objections to the Defendants' summary judgment evidence. Therefore, the Court STRIKES the statements made in the Affidavit of Chris Lam, attached as Exhibit C to Defendant's Motion for Summary Judgment, interpreting the certificates of insurance attached to his affidavit and any reliance by Mr. Lam upon the certificates of insurance in an attempt to prove the contents of an insurance policy. The Court further STRIKES the certificates of insurance attached as Exhibit C-1 to the Defendants' Motion for Summary Judgment. The Court also strikes the "and its client companies" language contained in the Affidavit of Dennis Healy.

SIGNED on June 4, 2007.

PRESIDING JUDGE

# EXHIBIT 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY<br>Plaintiff, | §<br>§<br>§<br>§ | CIVIL ACTION |
| V. | §<br>§ | NO. 3:08-cv-00118-PRM |
| BORDER STATES TRAFFIC SUPPLY INC., ESTHER ABRAHAM, JORGE CARDONA, ROBERT DURKIN, AND STEVE GEORGE<br>Defendants. | §<br>§<br>§<br>§<br>§ | DRAFT |

**ANSWER IN INTERVENTION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Daniel Cordova and Jacob Cordova, hereinafter called Intervenors, and file this Answer in Intervention, and in support hereof, would respectfully show the Court as follows:

**I. INTRODUCTION**

1. Intervenors are individuals who reside in El Paso, Texas.

2. Plaintiff, Hartford Casualty Insurance Company, has appeared in this action and may be served with notice of this Answer by sending a copy to its attorney, Greg C. Wilkins, at , P.O. Box 1751, Beaumont, Texas, 77704-1751.

3. Defendant, Jorge Cardona, is an individual who may be served with notice of this Answer by sending a copy to P.O. Box 693, El Paso, Texas, 79915. Intervenor is unaware of the status of service of this suit on the Defendant.

4. Defendant, Border States Traffic Supply, Inc., is a Texas Corporation who may be served with notice of this Answer by sending a copy to their registered agent, Steve George at 946

Hawkins, El Paso, Texas, 79915. Intervenor is unaware of the status of service of this suit on the Defendant.

5. Defendant, Esther Abraham, is a resident of California who may be served with notice of this Answer by sending a copy to 2951 South Court, Palo Alto, California 94306. Intervenor is unaware of the status of service of this suit on this Defendant.

6. Defendant, Robert Durkin, is a resident of Texas who may be served with notice of this Answer by sending a copy to 4120 Rio Bravo, Suite 301, El Paso, Texas 79902. Intervenor is unaware of the status of service of this suit on this Defendant.

7. Defendant, Steven George is a resident of Texas who may be served with notice of this Answer by sending a copy to 608 E. 3rd Street, Prosper, Texas 75708-7959. Intervenor is unaware of the status of service of this suit on this Defendant.

## II. THE ORIGINAL LAWSUIT

5. On or about August 7, 2006, Intervenors filed an original petition in the 346th Judicial District Court of El Paso County, Texas, Cause No. 2006-3221, naming George Cardona and Border States as Defendants, (hereinafter "Cordova Lawsuit"). The Cordova Lawsuit, originated out of an incident which occurred on September 30, 2005, in which Intervenor, Daniel Cordova, was severely injured in a work related accident.

6. The Defendants tendered the Cordova Lawsuit to Hartford for a defense and indemnity under the Hartford policy. Hartford has provided the Defendant with a defense in the Cordova Lawsuit, but the defense was subject to a reservation of rights that Hartford has under the policy.

7. Intervenors maintain that the Hartford policy provides coverage for Intervenor's damages, if any awarded, in the Cordova Lawsuit. As such, Intervenors have a justifiable interest in the matters in controversy in this litigation.

## III. ADMISSIONS AND DENIALS

8. Intervenors provide the following answers and denials to the claims and allegations asserted in Plaintiff's Original Complaint:

9. Intervenors admit the allegations in Paragraph 1.

10. Intervenors admit the allegations in Paragraph 2.

11. Intervenors admit the allegations in Paragraph 3.

12. Intervenors admit the allegations in Paragraph 4.

13. Intervenors admit the allegations in Paragraph 5.

14. Intervenors admit the allegations in Paragraph 6.

15. Intervenors admit the allegations in Paragraph 7.

16. Intervenors admit the allegations in Paragraph 8.

17. To the extent Paragraph 9 incorporates the prior paragraphs, Intervenors admit and deny.

18. In light of the difficulties Intervenors have had in the Cordova Lawsuit to secure the applicable insurance policy, Intervenors do not have sufficient information at this time to admit or deny the allegations in Paragraph 10.

19. Intervenors admit the allegations in Paragraph 11.

20. Intervenors do not have sufficient knowledge to admit or deny interactions between Border States and Hartford as set forth in Paragraph 12.

21. Intervenors admit the allegations in Paragraph 13.

22. Intervenors do not have sufficient information to admit or deny the interactions between Hartford and Abraham Durkin, and George as set forth in Paragraph 14.

23. In light of the difficulties Intervenors have had in the Cordova Lawsuit to secure the applicable insurance policy, Intervenors do not have sufficient information at this time to admit or deny the allegations in Paragraph 15.

24. In light of the difficulties Intervenors have had in the Cordova Lawsuit to secure the applicable insurance policy, Intervenors do not have sufficient information at this time to admit or deny the allegations in Paragraph 16.

25. In light of the difficulties Intervenors have had in the Cordova Lawsuit to secure the applicable insurance policy, Intervenors do not have sufficient information at this time to admit or deny the allegations in Paragraph 17.

26. In light of the difficulties Intervenors have had in the Cordova Lawsuit to secure the applicable insurance policy, Intervenors do not have sufficient information at this time to admit or deny the allegations in Paragraph 18.

27. Given the trial court's ruling that there is no workers compensation coverage concerning the claims made in the Cordova Lawsuit, Intervenors deny that there is a bonafide dispute concerning coverage as alleged in Paragraph 19. However, to the extent there is a bonafide dispute, Intervenors admit that the dispute is ripe for resolution under the Declaratory Judgment Act.

28. To the extent Paragraph 20 incorporates the prior paragraphs, Intervenors admit and deny the paragraphs as set for above.

29. Intervenors deny that Hartford is entitled to the relief sought in Paragraph 21.

30. Intervenors deny that Hartford is entitled to the relief sought in Paragraph 22.

31. Intervenors deny that Hartford is entitled to the relief sought in Paragraph 23.

32. Intervenors deny that Hartford is entitled to the relief sought in Paragraph 24.

33. Intervenors deny that Hartford is entitled to the relief sought in Paragraph 25.

## IV. AFFIRMATIVE DEFENSE

34. With regard to Hartford's assertion that the claims asserted in the Cordova Lawsuit are covered under a workers compensation policy, Hartford's interests are aligned with Border States' Interests.

35. Border States' allegations concerning workers compensation coverage have already been adjudicated to a judgment in the Cordova Lawsuit.

36. Intervenors assert that to the extent Hartford's claims are dependent on the existence of workers compensation coverage, Hartford's claims for Declaratory Judgment relief are barred by res judicata and/or collateral estoppel.

## V. INTERVENORS' COUNTER CLAIMS

37. In the Cordova Lawsuit, Intervenors have asserted claims for common law negligence, negligence per se, negligent entrustment.

38. In the present lawsuit, the Plaintiff alleges that there is no insurance coverage for the claims asserted in the Cordova Lawsuit. The determination of the Plaintiff's claims in this lawsuit will substantially, if not completely, affect the recoverability of any award of damages obtained by the Intervenors in the Cordova Lawsuit. Therefore, in the present lawsuit, Intervenors assert a counter claim for declaratory relief under the Texas and Federal Declaratory Judgment Acts seeking a determination that there is insurance coverage under the subject policy for the claims asserted in the Cordova Lawsuit.

## VI. DAMAGES-INTERVENORS

39. In the Cordova Lawsuit, Intervenors seek to recover damages for reasonable necessary medical expenses in the past and future, and physical pain and suffering in the past and future.

40. In addition to the declaratory relief sought, the only damages Intervenor seeks to recover in the present lawsuit are the reasonable and necessary attorneys fees and costs incurred in seeking this declaratory relief.

## VII. PRAYER

41. WHEREFORE, PREMISES CONSIDERED, Intervenors, Daniel and Jacob Cordova, respectfully pray that the parties take notice of the filing of this Answer in Intervention, and that upon a final hearing of the cause, judgment be entered for the Intervenors and against the Plaintiff adjudicating insurance coverage for the claims asserted in the Cordova Lawsuit, for reasonable and necessary attorneys fees and costs, pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the legal rate, and such other and further relief to which the Intervenors may be entitled at law or in equity.

Respectfully submitted,

**T.O. GILSTRAP, JR., P.C.**
5915 Silver Springs, Bldg. 2
El Paso, TX 79912
(915) 581-0020
(915) 581-7934 (fax)

By:________________________
S. Clark Harmonson
State Bar No. 24041055
T.O. Gilstrap, Jr.
State Bar No. 07964500

DRAFT

and

**DURHAM & PITTARD, LLP**
Kirk L. Pittard
State Bar No. 24010313
F. Leighton Durham
State Bar No. 24012569
P.O. Box 224626
Dallas, Texas 75222
(214) 946-8000
(214) 946-8433 (fax)
**COUNSEL FOR INTERVENORS**

## CERTIFICATE OF SERVICE

I hereby certify that on the ______ day of July, 2008, a true and correct copy of the foregoing *Answer in Intervention* was served by certified mail to all counsel of record, as follows:

Greg C. Wilkins
Orgain Bell & Tucker LLP
P.O. Box 1751
Beaumont, TX 77704-1751
**ATTORNEY FOR PLAINTIFF**

James A. Mounts, III
Kemp Smith, LLP
221 N. Kansas, Suite 1700
El Paso, Texas 79901
**ATTORNEY FOR PLAINTIFF**

Corey W. Haugland
James & Haugland, P.C.
Chase Tower
201 E. Main Drive, Suite 800
El Paso, Texas 79901
**ATTORNEY FOR ROBERT DURKIN**

______________________________
S. CLARK HARMONSON