UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| HARTFORD CASUALTY § | | |
| INSURANCE COMPANY § | | |
|     Plaintiff, § | | |
| § | | |
| V. § | NO. 3:08-CV-00118-PRM | |
| § | | |
| BORDER STATES TRAFFICE SUPPLY § | | |
| INC., ESTHER ABRAHAM, JORGE § | | |
| CARDONA, ROBERT DURKIN, AND § | | |
| STEVE GEORGE § | | |
|     Defendants. § | | |

## **REPLY IN SUPPORT OF MOTION TO INTERVENE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Daniel Cordova and Jacob Cordova, hereinafter called "Intervenors" or "Cordovas," and file this Reply In Support of Motion to Intervene, and would respectfully show the Court as follows:

### I. INTRODUCTION

As the Court is aware, in the present case, Hartford has brought a declaratory judgment action against the defendants seeking a determination that there is no insurance coverage for the causes of action asserted by the Intervenors against the Defendants in a case filed on or about August 7, 2006 in the 346th Judicial District Court, El Paso County, Texas ("Cordova Lawsuit"). All but one Defendant (Robert Durkin) have failed to file answers in this lawsuit. Hartford is in the process of attempting to obtain no-answer default judgments.

### II. THE ORIGINAL LAWSUIT

On or about August 7, 2006, Intervenors filed an original petition in the 346th Judicial District Court of El Paso County, Texas, Cause No. 2006-3221, ( "Cordova Lawsuit"). The Cordova

Lawsuit, originated out of an incident which occurred on September 30, 2005, in which Intervenor, Daniel Cordova, was severely injured in a work related accident. The judge in the Cordova Lawsuit has granted the Cordovas a partial summary judgment concluding that the defendants do not have Workers Compensation coverage.

### III. ARGUMENT AND AUTHORITIES

Because this case has been filed in this Court based on federal diversity jurisdiction, Texas substantive law applies to the issues raised in this case. *See, e.g., Barnard Const. Co. v. City of Lubbock*, 457 F.3d 425, 427 (5th Cir. 2006).

**A.     The Cordovas have the requisite interest in this lawsuit.**

In opposition to the Cordovas' Motion to Intervene, Hartford asserts that the Cordovas do not have a sufficient interest in the present suit. Response at 3. Harford is incorrect. Hartford asserts that "as a third-party tort claimant, the Cordovas have no right to proceed directly against Hartford *unless and until they reduce their claim against Border States defendants to settlement or judgment* (which has not occurred and may never occur)." Response at 3-4 (emphasis added) (citing *Ohio Cas. Ins. Co. v. Time Warner Entertainment Co.*, 244 S.W.3d 885 (Tex. App.—Dallas 2008, n.p.h.)). However, it is not necessary that the underlying liability of an insured be determined before a declaratory judgment action is filed to determine whether there is insurance coverage. In *Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81 (Tex. 1997), the Texas Supreme Court concluded that:

> [T]he duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*

*Id.* at 84. In *Griffin*, the Texas Supreme Court concluded that an insurer may file a declaratory

judgment action to have coverage for a third-party's injuries determined even before there has been a judicial determination on the underlying liability of the insured.[1] It follows that if an insurer is able to seek such relief, a third-party beneficiary of the insurance contract can likewise seek such relief. Therefore, it is no surprise that, following the supreme court's opinion in *Griffin*, the Fort Worth Court of Appeals has concluded that because:

> a declaratory judgment action is permissible when brought by an insurance company against a third party seeking to have the insurance company defend or indemnify for conduct of its insured, we conclude that a declaratory judgment action is permissible when brought by a third party seeking to have the insurance company defend or indemnify for the conduct of its insured.

*Richardson v. State Farm Lloyds Ins.*, No. 2-04-072-CV, 2007 WL 1018651, *5 (Tex. App.—Fort Worth May 3, 2007, pet. filed) (mem. op.).

While recognizing that the Texas Supreme Court has not expressly held that injured parties are proper parties to an insurer's declaratory judgment action brought against one of its insureds to determine coverage, the Fort Worth Court of Appeals has stated that "[l]anguage from Texas Supreme Court opinions in the last decade suggest that injured parties may now be considered proper parties to such declaratory judgment actions." *State and County Mut. Fire Ins. Co. v. Walker*, 228 S.W.3d 404, 411, 411 n.16 (Tex. App.—Fort Worth 2007, no pet.) (citing *State Farm Fire & Cas. Co. v. Gandy,* 925 S.W.2d 696, 714 (Tex. 1996) (stating that "[a] plaintiff who thinks a defendant should be covered by insurance may be willing to . . . assist in obtaining an adjudication of the insurer's responsibility"); *see also Farmers Tex. County Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84 (Tex. 1997) (stating that "*Gandy* requires an insurer to either accept coverage or make a good faith

---

[1] Although Hartford cites the Texas Supreme Court's opinion in *Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138 (Tex. 1997) for the proposition that a claim must be reduced to a settlement or judgment before the Cordovas could proceed in a direct action against Harford, the court in *Angus* actually recognized that exceptions exist to this general rule. *Id.* at 138.

effort to resolve coverage before adjudication of the plaintiff's claim, and also *suggests that the plaintiff may wish to participate in that litigation*") (emphasis added); *see Spruiell v. Lincoln Ins. Co.,* No. 07-97-0336-CV, 1998 WL 174722, at *1 (Tex. App.--Amarillo Apr. 13, 1998, pet. denied) (not designated for publication) (resolving standing question in favor of injured third party and noting that "the Supreme Court has suggested that third parties may wish to participate in declaratory judgment actions involving the insured's duty to defend")). Even the *New Orleans* case upon which Hartford relies provides that an intervening party's interest should be one which the substantive law recognizes as belonging to or being owned by the intervenor. *New Orleans Public Serv. Inc. v. United Gas Pipe Line Co.*, 752 F.2d 452, 464 (5th Cir. 1984). As set forth above, recent Texas cases have recognized an injured party's right to seek adjudication of a coverage issue.

**B.    The Border States defendants will not adequately represent the Cordova's interest in this lawsuit.**

It is odd that Hartford asserts that the Border States defendants will adequately represent the Cordovas' interest in this lawsuit particularly because all of the Border States defendants (except Robert Durkin) have wholly failed to answer this lawsuit and Hartford is currently in the process of attempting to obtain a no-answer default judgment. Hartford has failed to explain how defendants who fail to answer a lawsuit can nevertheless adequately represent anyone's interest.

**C.    The Cordovas' intervention would not prejudice the adjudication of the original parties rights.**

The exclusions in the insurance policy cited by Hartford to avoid coverage rely upon the existence of Workers' Compensation coverage for Border States. The Cordovas have already prosecuted and obtained a partial summary judgment on this issue in the Cordova Lawsuit. It is unclear why Hartford did not bring the state court's ruling on this critical issue to this Court's attention. Nevertheless, the Cordovas have conducted discovery on this issue, have fully briefed it to

judgment and are, therefore, capable to efficiently bring this issue to the Court's attention for resolution. Therefore, not only will the Cordovas' intervention not prejudice any party's rights, or unreasonably complicate or delay this litigation as Hartford suggests, but the Cordovas' intervention will actually assist in the efficient resolution of the issue.

Harford asserts that "[i]f the Cordovas are allowed to intervene, there is a substantial risk that collateral issues of liability and damages will be injected into this litigation, thereby obscuring the real issues before the Court—i.e. whether Hartford has the duty to indemnify the Border States defendants." Response at 8. However, Hartford fails to articulate what liability and damages issues will be injected into this litigation. After all, in this litigation, the Cordovas only seek to obtain a determination regarding the same facts at issue in Hartford's Declaratory Judgment action that is to say whether Hartford is required to defend and indemnify the defendants in the state court action.

Additionally, Hartford's attempt to avoid the application of collateral estoppel is flawed. The issue of whether there is Workers Compensation coverage (which is critical to the viability of the policy exclusions cited by Hartford) has been fully litigated in the Cordova Lawsuit. Such determination was essential to the defendants' affirmative defenses asserted in the Codova Lawsuit. Moreover, Border States, with whom Hartford is in privity, was cast as an adversary of the Cordovas in the Cordova Lawsuit. Although Hartford asserts that it and Border States are taking conflicting positions thus precluding the application of collateral estoppel, in fact, Border States and Hartford have taken the exact same position. In the Cordova Lawsuit, Border States asserted that the Cordovas' claims were barred because they were covered by Workers Compensation insurance. In this declaratory judgment action, Hartford has taken the position that Mr. Cordova's injuries are covered by Workers Compensation insurance and, therefore, there is no coverage. Hartford and

Border States have not taken conflicting positions, they have taken the exact same position. Thus, it is apparent that collateral estoppel may be an important issue for resolution in this matter.

## IV.  CONCLUSION

The Cordovas have attempted to join Hartford as a party defendant in the Cordova Lawsuit to have the issue of coverage adjudicated. Hartford has resisted that joinder by asserting a plea to the jurisdiction. Likewise Hartford opposes the Cordovas' intervention in this lawsuit, thus resisting all efforts by the Cordovas to properly adjudicate the coverage issue. It is apparent from Hartford's pleadings in both this case and the Cordova Lawsuit that Hartford prefers to only litigate the coverage issue with Border States by way of a no-answer default judgment. Hartford is doing all it can to avoid actually litigating the matter with the Cordovas who are the only parties who have demonstrated a willingness to provide the state and federal court with sufficient and adequate information concerning the coverage issue. Although a no-answer default judgment might be the path of least resistance for Hartford, it is certainly not the most appropriate or just way to have such issues fully adjudicated and determined. For the forgoing reasons and those set forth in the Cordovas' Motion to Intervene, the Cordovas ask the Court to grant their motion to intervene as a party-defendant.

Respectfully submitted,

**DURHAM & PITTARD, LLP**

By: /s/ Kirk L. Pittard
    Kirk L. Pittard
    State Bar No. 24010313
    F. Leighton Durham III
    State Bar No. 24012569
    P.O. Box 224626
    Dallas, Texas 75222
    214-946-8000
    214-946-8433 fax

        **And**

        **T.O. GILSTRAP, JR., P.C.**
        T.O. Gilstrap, Jr.
        State Bar No. 07964500
        S. Clark Harmonson
        State Bar No. 24041055
        5915 Silver Springs, Bldg. 2
        El Paso, TX 79912
        (915) 581-0020
        (915) 581-7934 (fax)

        **ATTORNEYS FOR INTERVENORS**

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record or party will be served by facsimile transmission and/or first class mail this 5th day of August, 2008.

        /s/ Kirk L. Pittard